UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

DEMETRIUS LEE BATTLE,
    Plaintiff,

vs.                                                Case No.: 3:20cv5494/LAC/ZCB

JOSHUA A. SPEER, et al.,
    Defendants.
_____/

## REPORT AND RECOMMENDATION

This prisoner civil rights case is before the Court on Defendant Speer's motion to dismiss. (Doc. 23). Defendant Speer seeks dismissal as a sanction for Plaintiff's failure to fully disclose his litigation history. (*Id*.). Plaintiff has responded in opposition to the motion. (Doc. 29). For the reasons below, Defendant Speer's motion to dismiss should be denied.[1]

### I. Background

Plaintiff commenced this civil rights case by filing a complaint and motion to proceed *in forma pauperis* (IFP). (Docs. 1, 2). The Court granted Plaintiff's IFP motion and screened his initial complaint, pursuant to 28 U.S.C. §§ 1915(e)(2)(B),

---

[1] The case was referred to the undersigned for the issuance of all preliminary orders and any recommendations regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2(C); *see also* 28 U.S.C. § 636(b)(1)(B), (C); Fed. R. Civ. P. 72(b).

1

1915A.  (Docs. 5, 8).  Plaintiff's amended complaint survived screening, and the Court directed service of process on the two identified Defendants, Defendant Speer and Defendant Harris.  (*See* Docs. 9, 10).  Defendant Speer was served, and counsel appeared on his behalf.[2]  (Docs. 22, 25).  After being served, Defendant Speers filed the current motion to dismiss.  (Doc. 23).

## II.  Legal Standard

The IFP statute requires dismissal of an action if it is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).  When ruling on a motion to dismiss, a court may consider documents incorporated into the complaint by reference and matters of which the court may take judicial notice, such as facts taken from court dockets.[3]  *See Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007); *Paez v. Sec'y, Fla. Dep't of Corr.*, 947 F.3d 649, 651–53 (11th Cir. 2020) (stating district court properly took judicial notice of facts taken from petitioner's state court dockets where

---

[2] The Court has made exhaustive efforts to serve Defendant Harris, but those efforts have been unsuccessful.  (Docs. 13, 16, 17, 21, 27, 28, 34).

[3] A court may "judicially notice a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."  Fed. R. Evid. 201(b)(2).

petitioner had opportunity to object to report and recommendation in which magistrate judge took judicial notice).

### III.  Discussion

Defendant Speer moves to dismiss this case under 28 U.S.C. § 1915(e)(2)(B)(i) as "malicious . . . and/or abuse of the judicial process" for Plaintiff's failure to fully disclose his prior litigation history. (Doc. 23). More specifically, Defendant Speer claims that Plaintiff failed to disclose *Battle v. Fla. Dep't of Corr.*, Eleventh Circuit Court of Appeals, Case No. 14-stp-15559, and *Battle v. Inch, et al.*, Northern District of Florida, Case No. 3:19cv2068/MCR/EMT. (Doc. 23 at 1-2).

With respect to the Eleventh Circuit case, Defendant acknowledges that Plaintiff disclosed the lower court case, Southern District of Florida, Case No. 0:14cv61845 (a habeas corpus case), in both his initial and amended complaints. (*Id.* at 2 nn.1, 3). Defendant contends, however, that Plaintiff failed to disclose his appeal from that habeas corpus case in his answer to Question C of Section IV of the complaint form. (*Id.* at 4).

With respect to the Northern District of Florida case, Defendant acknowledges that Plaintiff disclosed it in his initial complaint. (Doc. 23 at 2). Defendant

3

contends that Plaintiff was required to disclose it in his amended complaint as well, but he failed to do so. (*Id.*).

In Plaintiff's response, he asserts he answered the questions on the complaint form in good faith and in reliance on the Court's description of his litigation history in the report and recommendation issued in Case No. 3:19cv2068/MCR/EMT. (*See* Doc. 29 at 1-2).[4] The report and recommendation in that case recommended dismissal of the case as malicious for Plaintiff's failure to disclose the following cases: *Battle v. Sec'y, Dep't of Corr., et al.*, Case No. 6:2015cv258/ACC/GJK (M.D. Fla.); *Battle v. Fla. Dep't of Corr., et al.*, Case No. 0:2014cv61845/WPD (S.D. Fla.); and *Battle v. Broward Cnty. Main Jail, et al.*, Case No. 0:2004cv60388/UU (S.D. Fla.). (*See* 3:19cv2068/MCR/EMT, (N.D. Fla.), Doc. 20).

Plaintiff's initial and amended complaints were filed on the court-issued prisoner civil rights complaint form. (Docs. 1, 9). The complaint form has a section entitled "Previous Lawsuits," where the prisoner-plaintiff is directed to list "all prior civil cases." (Doc. 9 at 5-6). The warning for violating the directive

---

[4] Plaintiff is cautioned not to assume that a court lists **all** of a prisoner's cases when dismissing a case for the prisoner's failure to accurately disclose his litigation history. Courts often discover more than one undisclosed case yet cite only one as the basis for dismissal. It is the prisoner's responsibility, not the court's, to discover and fully disclose his or her litigation history.

4

appears in bold, capitalized font: "FAILURE TO DISCLOSE **ALL** PRIOR CIVIL CASES MAY RESULT IN THE DISMISSAL OF THIS CASE. IF YOU ARE UNSURE OF ANY PRIOR CASES YOU HAVE FILED, THAT FACT MUST BE DISCLOSED AS WELL." (*Id.*).   The complaint form directs the prisoner-plaintiff to answer the following four questions:

> (A) "Have you initiated other actions in **state court** dealing with the same or similar facts/issues involved in this action?"
>
> (B) "Have you initiated other actions in **federal court** dealing with the same or similar facts/issues involved in this action?"
>
> (C) "Have you initiated other actions (*besides those listed above in Questions (A) and (B)*) in **either state or federal court** that relate to the fact or manner of your incarceration (including habeas corpus petitions) or the conditions of your confinement (including civil rights complaints about any aspect of prison life, whether it be general circumstances or a particular episode, and whether it involved excessive force or some other wrong)?"
>
> (D) "Have you ever had any actions in federal court dismissed as frivolous, malicious, failing to state a claim, or prior to service?"

(Doc. 9 at 5–6). Following each question are parenthetical areas to mark either a "Yes" or "No" answer. The complaint form then directs the prisoner to describe each action.

Plaintiff's initial and amended complaints, together, disclosed four federal lawsuits. Those lawsuits were: (1) *Battle v. Sec'y, Fla. Dep't of Corr.*, Case No. 6:15cv258/ACC/GJK, a habeas corpus case filed in the Middle District of Florida that was dismissed as untimely; (2) *Battle v. Fla. Dep't of Corr.*, Case No. 0:14cv61845/WPD, a habeas corpus case filed in the Southern District of Florida that was dismissed for improper venue; (3) *Battle v. Broward Cnty. Main Jail*, Case No. 0:04cv60388/UU, a civil rights case filed in the Southern District of Florida that was dismissed for failure to exhaust administrative remedies; and (4) *Battle v. Inch, et al.*, Case No., 3:19cv2068/MCR/EMT, a civil rights case filed in the Northern District of Florida that was dismissed as malicious. (Doc. 1 at 5-6; Doc. 9 at 5-6).

When asked on the complaint form whether he had had any action in federal court dismissed as frivolous, malicious, for failing to state a claim, or prior to service, Plaintiff marked "Yes" on the initial complaint form and disclosed Northern District of Florida, Case No. 3:19cv2068/MCR/EMT. (Doc. 1 at 5). Plaintiff, however, subsequently marked "No" on the amended complaint form and disclosed no cases. (Doc. 9 at 6).

Defendant Speer asserts that Plaintiff maliciously abused the judicial process by failing to disclose, on both his initial complaint form and his amended complaint form, his appeal in Eleventh Circuit Court of Appeals, Case No. 14-stp-15559. Defendant acknowledges Plaintiff disclosed (on both complaint forms) the district court action underlying that appeal, *Battle v. Fla. Dep't of Corr.*, Case No. 0:14cv61845/WPD.

As previously noted, Question C asked, "Have you initiated other actions . . . in **either state or federal court** that relate to the fact or manner of your incarceration (including habeas corpus petitions) . . . ." This question required Plaintiff to disclose the two habeas corpus cases that Plaintiff initiated in the federal district courts, and Plaintiff disclosed those cases. Arguably, the verbiage of the question did not clearly notify Plaintiff that he was also required to disclose an appeal from the district court action. Plaintiff's failure to disclose the habeas corpus appeal does not appear to have been malicious or done in bad faith. Additionally, the failure to disclose the appeal does not hamper the purposes of the disclosure requirement because Plaintiff had disclosed the underlying district court action. Therefore, dismissal is not warranted for Plaintiff's failure to disclose his appeal in Eleventh Circuit Court of Appeals, Case No. 14-stp-15559.

Defendant Speer additionally argues that dismissal is warranted for Plaintiff's failure to disclose Northern District of Florida, Case No. 3:19cv2068/MCR/EMT on his amended complaint form. (Doc. 23 at 2). Defendant acknowledges, however, that Plaintiff disclosed that case on the initial complaint from. (*Id*).

Plaintiff's failure to disclose Case No. 3:19cv2068/MCR/EMT in his amended complaint does not warrant dismissal for abuse of the judicial process. Plaintiff disclosed that case in his initial complaint and stated that it was dismissed as malicious. The purposes of requiring disclosure of a prisoner's litigation history include, but are not limited to (1) enforcing the so-called "three strikes" provision of 28 U.S.C. § 1915(g);[5] and (2) assisting the Court in evaluating whether the action is related to or should be considered in connection with another case, or whether a holding in another case impacts the current action. Plaintiff's failure to repeat the disclosure of Case No. 3:19cv2068/MCR/EMT in his amended complaint did not impact the Court's enforcement of the "three strikes" provision of § 1915(g) or the Court's ability to evaluate the relationship of that case with the present case.

---

[5] Section 1915(g) provides that "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted," the prisoner may not bring an action in forma pauperis unless he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

Although Plaintiff offers no satisfactory excuse for failing to include the case in his amended complaint, the Court finds that in the limited circumstances of this case, dismissal is not necessary. *See Laronde v. Mason*, No. 3:13cv4, 2014 WL 1017937, at *7 (N.D. Fla. Mar. 17, 2014) (refusing to dismiss case as malicious where prisoner disclosed prior litigation in an earlier complaint but failed to fully restate the prior litigation in subsequent amended complaint).

## IV. Conclusion

Plaintiff has sufficiently—although not perfectly—disclosed his prior litigation history. Therefore, Defendants' motion to dismiss this case as malicious and/or abuse of the judicial process should be denied.

Accordingly, it is respectfully **RECOMMENDED**:

That Defendant Speer's motion to dismiss (Doc. 23) be **DENIED.**

At Pensacola, Florida this 6th day of July 2022.

/s/ *Zachary C. Bolitho*
Zachary C. Bolitho
United States Magistrate Judge

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control</u>. An objecting party must serve a copy**

**of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**