UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

DEMETRIUS LEE BATTLE,
    Plaintiff,

vs.   Case No.:  3:20cv5494/LAC/ZCB

JOSHUA A. SPEER, et al.,
    Defendants.
_____/

## **REPORT AND RECOMMENDATION**

Plaintiff, proceeding *pro se*, commenced this action on May 28, 2020 by filing a civil rights complaint under 42 U.S.C. § 1983.  (Docs. 1, 9).  In his complaint, Plaintiff named eight "Doe" Defendants.  (Doc. 9 at 2-4).  On September 15, 2021, and January 1, 2022, the Court advised Plaintiff that he must use the tools of discovery to identify the eight "Doe" Defendants.  (Docs. 13 at 1 n.1; Doc. 17 at 1 n.1).  Upon ascertaining any "Doe" Defendant's identity, Plaintiff was to "immediately notify the court of the Defendant's name."  (*Id.*).  Discovery ended on May 25, 2022, and Plaintiff never notified the Court of any "Doe" Defendant's identity.  (Doc. 24).

On January 5, 2023, the Court ordered Plaintiff to show cause, if any, why his claims against the eight "Doe" Defendants should not be dismissed based on Plaintiff's inability to identify and effect service of process on them.  (Doc. 48).  Plaintiff was warned that failure to comply with the order would result in a

1

recommendation of dismissal of the eight "Doe" Defendants from this action. (*Id.* at 2). Plaintiff never responded to the Court's order.

"As a general matter, fictitious-party pleading is not permitted in federal court." *See, e.g.*, *Richardson v. Johnson*, 598 F.3d 734, 738 (11th Cir. 2010); *see also Vielma v. Gruler*, 808 F. App'x 872, 880 (11th Cir. 2020). Eleventh Circuit precedent has allowed plaintiffs to sue real parties under fictitious names only when use of the "Doe" label is, "at the very worst, surplusage" because the plaintiff's description of the defendant is "sufficiently clear to allow service of process." *Dean v. Barber*, 951 F.2d 1210, 1215-16 & n.6 (11th Cir. 1992).

Here, Plaintiff failed to describe the eight "Doe" Defendants in a sufficiently clear manner to allow for service of process when he filed his complaint. (*See* Doc. 9). Plaintiff then had ample opportunity to identify the eight "Doe" Defendants during the discovery period. *Morris v. Macon-Bibb Cnty. Consol. Gov't*, No. 1:14-CV-00892-AT, 2015 WL 12851541, at *11 (N.D. Ga. Mar. 31, 2015) (indicating that a plaintiff should use discovery to obtain the necessary information to identify fictitious defendants). Plaintiff could have served interrogatories and/or requested medical records, use of force reports, video footage, and other materials during the nearly three months of discovery. If three months was not enough time, Plaintiff could have requested an extension of the discovery period in order to identify the eight "Doe" Defendants. Yet Plaintiff did no such thing. *See, e.g.*, *Moulds v.*

*Bullard*, 345 F. App'x 387, 390 (11th Cir. 2009) (affirming the district court's dismissal of "John Doe" defendants when the plaintiff "completely failed to describe some of th[e] officers," "gave general descriptions of others, such as by indicating the duty stations to which they were assigned," and "did not timely request any discovery that would have allowed him to learn their names and serve process on them").

And when Plaintiff was given an opportunity to explain why these unidentified Defendants should not be dismissed from the case, he failed to respond. Plaintiff's actions exhibit a clear lack of prosecution against the eight "Doe" Defendants. *See, e.g.*, *Zeitoun v. Riedl*, No. 3:14-cv-432, 2017 WL 4155455, at *5 (M.D. Fla. Sept. 19, 2017) (dismissing unknown defendants for plaintiff's lack of prosecution when the plaintiff "neither identified these Defendants, requested additional time to do so, nor provided the Court with descriptive information that may assist in identifying them").

For these reasons, it is respectfully **RECOMMENDED** that the eight "Doe" Defendants be **DISMISSED without prejudice** from this action.

At Pensacola, Florida, this 23rd day of March 2023.

/s/ *Zachary C. Bolitho*
Zachary C. Bolitho
United States Magistrate Judge

3

## **NOTICE TO THE PARTIES**

**Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control</u>. An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's**