UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

DEMETRIUS LEE BATTLE,
    Plaintiff,

v.                                   Case No.: 3:20cv5494/LAC/ZCB

JOSHUA A. SPEER, et al.,
    Defendants.
_____/

# REPORT AND RECOMMENDATION

Plaintiff is incarcerated in the Florida Department of Corrections (FDOC). He filed this civil rights action under 42 U.S.C. § 1983 *pro se* and *in forma pauperis*. Despite reasonable efforts, the United States Marshals Service (USMS) has been unable to locate and serve one of the defendants in this action—Sgt. Harris. (*See* Docs. 16, 34). For the reasons below, Plaintiff's claims against Defendant Harris should be dismissed for lack of service.

## I.    Background

Upon filing this case on May 28, 2020, Plaintiff moved for leave to proceed *in forma pauperis* (IFP). (Docs. 1, 2). The Court granted Plaintiff's IFP motion. (Doc. 5). Plaintiff's amended complaint named ten defendants. (Doc. 9). One of those defendants was Sgt. Harris. (*Id.*); *see also* (Doc. 10).[1] Plaintiff has accused

---

[1] Plaintiff also named another corrections officer, Defendant Speers, and eight unidentified "Doe" Defendants. (Doc. 9). The eight "Doe" Defendants have been

Defendant Harris of using excessive force on December 29, 2018. Because Plaintiff was granted IFP status, the Court directed the USMS to serve the named Defendants. (Doc. 13).

The Court first directed the USMS to send a copy of the amended complaint and summons to the specially appointed process server at the prison. (*Id.* at 2). The specially appointed process server informed the USMS that Defendant Harris was no longer employed by the FDOC. (Doc. 16). The Court then ordered the FDOC Office of General Counsel to: (1) inform the USMS in confidence of the last known address of Defendant Harris; (2) enter an appearance on behalf of Defendant Harris; or (3) notify the Court that neither alternative is possible. (Doc. 17). The FDOC confidentially provided the USMS with the last known address for Defendant Harris. (Doc. 20). The Court directed the USMS to attempt to obtain a waiver of service from Defendant Harris by sending a copy of the amended complaint and waiver forms to Defendant Harris at the confidential address provided by the FDOC. (Doc. 21). The USMS subsequently informed the Court that the signed waiver form had not been returned. (Doc. 27).

The Court then instructed the USMS "to attempt personal service on Defendant Harris." (Doc. 28). The USMS made three attempts to serve Defendant

---

dismissed from this action, but Plaintiff's excessive force claim against Defendant Speers remains pending. (Docs. 52, 54, 55, 57).

Harris. (Doc. 34). First, the USMS left a card on the door of the confidential address provided by the FDOC. (*Id.*). There was no response. (*Id.*). Second, the USMS left a card on the door and in the mailbox of the confidential address provided by the FDOC. (*Id.*). The resident at that address called the USMS stating that she moved in "a couple months ago," and Defendant Harris no longer lived there. (*Id.*). The USMS then attempted to locate a new address for Defendant Harris. (*Id.*). The USMS found an apartment complex address where they believed Defendant Harris may have been residing. (*Id.*). But the USMS subsequently learned that Defendant Harris did not live there. (*Id.*). After those efforts and without any further leads, the USMS informed the Court that it was unable to locate Defendant Harris. (*Id.*).

The Court then asked Plaintiff to (1) submit an address at which Defendant Harris could be served, (2) file a notice with the Court voluntarily dismissing his claim against Defendant Harris, or (3) show cause why the claim against Defendant Harris should not be dismissed for failure to effect timely service. (Doc. 53). Plaintiff responded to the Court's order attempting to "show cause" why his claim against Defendant Harris should not be dismissed. (Doc. 56). In his response, Plaintiff argued Defendant Harris was the main perpetrator in his assault and Defendant Harris has "knowingly eluded U.S. Marshal Service in [an] attempt to not answer for his actions." (*Id.* at 1). Plaintiff also noted "that if the U.S. Marshals could not locate Defendant Harris with its many resources," then he—"an

incarcerated Plaintiff"—cannot "assist in this matter without further wasting court[] time and resources." (*Id.* at 2).

In one final attempt at service, the Court ordered counsel for Defendant Speers—an Assistant State Attorney General who would presumably represent Defendant Harris were he to be served—to consult with the FDOC to determine if there was any additional contact information for Defendant Harris other than that previously provided. (Doc. 59). Counsel for Defendant Speers has since informed the Court that the address previously provided to the USMS "was the only contact information [the FDOC] and Santa Rosa have regarding Defendant Harris." (Doc. 60 at 1).

## II.   Discussion

Under Rule 4(m) of the Federal Rules of Civil Procedure, a matter should be dismissed against a defendant who "is not served within 90 days after the complaint is filed." Fed. R. Civ. P. 4(m). That time period can be extended "if the plaintiff shows good cause for the failure" to perfect service. *Id*. When a plaintiff is proceeding IFP, the USMS (acting pursuant to a court order) are charged with serving the defendants. 28 U.S.C. § 1915(d). Generally speaking, "the failure of the United States Marshal to effectuate service on behalf of an [IFP] plaintiff through no fault of that plaintiff constitutes 'good cause' for the plaintiff's failure to effect timely service." *Rance v. Rocksolid Granit USA, Inc.*, 583 F.3d 1284, 1288 (11th

Cir. 2009). The Eleventh Circuit has said that it "is unreasonable to expect incarcerated and unrepresented prisoner-litigants to provide the current addresses of prison-guard defendants who no longer work at the prison." *Richardson v. Johnson*, 598 F.3d 734, 739-40 (11th Cir. 2010). Thus, where the USMS "can locate the prison-guard defendant with reasonable effort, prisoner-litigants who provide enough information to identify the prison-guard defendant have established good cause for Rule 4(m) purposes." *Id*. at 740.

If, however, the USMS cannot locate the prison-guard defendant after exercising reasonable efforts, then dismissal of the defendant for lack of service is warranted. *See id*. at 738 (explaining that if the USMS could not locate the defendant with reasonable effort then "the district court properly dismissed" the plaintiff's claim against the prison-guard defendant). Indeed, courts have dismissed defendants for lack of service after the USMS has failed to locate a defendant despite undertaking reasonable efforts. *See, e.g.*, *Quilling v. Clark*, No. 4:10cv404, 2012 WL 2379888, at *2 (N.D. Fla. May 23, 2012) (stating that claims against former prison guards should be dismissed because "[n]umerous efforts were made by the Marshals Service in attempting to locate and serve the Defendants," and their whereabouts remained unknown); *Davis v. Young*, No. 5:12-CV-294, 2013 WL 4779220, at *1, *4 (M.D. Ga. Sept. 5, 2013) (dismissing claims against former prison guard for lack of service when there were "several efforts to locate and serve

5

Defendant," and the "record establishe[d] that [Defendant] could not be located with reasonable effort by the Court to effectuate service"); *Daniels v. Dunn*, No. CV 16-00565, 2018 WL 5931141, at *2 (S.D. Ala. Sept. 10, 2018) (explaining that dismissal was warranted because "[d]espite the Court's exhaustion of reasonable efforts to serve Defendant" he was unable to be found and served); *Davis v. Stewart*, No. CV 19-01126, 2022 WL 1548116, at *2 (S.D. Ala. Apr. 18, 2022) (recommending dismissal for lack of service because "the Court and the Marshals Service have exhausted all avenues available for identifying and locating" the defendant); *Walker v. Barfield*, No. 5:19-cv-73, 2022 WL 1481801, at *2 (S.D. Ga. Apr. 13, 2022) (recommending dismissal because the defendants could not be served "despite the Marshals Service's best efforts").

Here, the USMS acting on the Court's behalf, has repeatedly tried to serve Defendant Harris. Despite the reasonable efforts of the USMS, Defendant Harris has not been found and served. The USMS has stated that it has no further leads on where Defendant Harris is residing. The FDOC also has no information regarding Defendant Harris's whereabouts. Nor does Plaintiff.

The Court has considered whether other circumstances warrant a further extension of the Rule 4(m) period. They do not. Perhaps the most important "other circumstance" to consider here is that Plaintiff's claims against Defendant Harris will likely be time-barred if dismissed. (Doc. 9 at 11) (noting the events giving rise

6

to this lawsuit occurred on December 29, 2018); *see Chappell v. Rich*, 340 F.3d 1279, 1283 (11th Cir. 2003) (recognizing that statute of limitations for § 1983 claims in Florida is four years).  But a "district court is not required to grant an extension even if it concludes that Plaintiff is now barred from refiling his claims." *Giddens v. Brooks Cnty.*, No. 21-11755, 2022 WL 836273, at *7 (11th Cir. Mar. 21, 2022) (citing *Lepone-Dempsey v. Carroll Cnty. Comm'rs*, 476 F.3d 1277, 1282 (11th Cir. 2007)).  It must, however, "at least consider" the fact that Plaintiff's future claims would be time barred.  *Id*.  The Court has taken that fact into consideration here.  At the end of the day, there is simply no reason to believe that, even if given more time, Plaintiff (or the USMS) would be able to locate and serve Defendant Harris.  Under these circumstances, providing an extension of even more time to serve Defendant Harris would be a pointless exercise.

Other courts have reached the same conclusion in similar circumstances.  *See, e.g.*, *Cammilletti v. Shinn*, No. CV-20-2150, 2022 WL 4227369, at **4-7 (D. Ariz. Aug. 22, 2022) (dismissing even when the statute of limitations would bar plaintiff's claims because there was "no information in the record indicating that granting an additional time for service of Defendant [] w[ould] be useful for effectuating service"); *Peterson v. United States*, No. CV 15-00143, 2018 WL 7505633, at *4 (C.D. Cal. Dec. 28, 2018) (recommending dismissal of unserved defendants "[a]lthough Plaintiff's claims would likely be time-barred" because "the likelihood

7

of eventual service is minimal given the length of time that has passed since the events alleged in the lawsuit"); *Adams v. Bougker*, No. 3:12cv787, 2013 WL 5165413 (M.D. Tenn. Sept. 12, 2013) (recommending dismissal for failure to serve even though "Plaintiff may be barred from bringing his suit again").

This case has been pending for several years, and it needs to move forward. The Court simply cannot delay this case in perpetuity in the hopes that someday somebody might learn where Defendant Harris is located and be able to serve him. The USMS, acting on the Court's behalf, has undertaken reasonable efforts to locate and serve Defendant Harris. Unfortunately, those reasonable efforts have failed. The claims against Defendant Harris, therefore, should be dismissed for lack of service.

### III.   Conclusion

For the reasons above, it is respectfully **RECOMMENDED** that:

1. The claims against Defendant Harris be **DISMISSED without prejudice** under Federal Rule of Civil Procedure 4(m) for lack of service.

2. The Clerk of Court terminate Sgt. Harris as a Defendant in this case.

3. This matter be referred back to the undersigned for further proceedings.

At Pensacola, Florida, this 6th day of June 2023.

/s/ *Zachary C. Bolitho*
Zachary C. Bolitho
United States Magistrate Judge

## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control</u>. An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**